IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GABRIEL McDOWELL, #37862**                                        **PETITIONER**

**VERSUS**                                      **Civil Action No. 1:13-cv-256-HSO-RHW**

**RONALD KING, SUPERINTENDENT**                              **RESPONDENT**

## REPORT AND RECOMMENDATIONS

Before the Court are [1] Gabriel McDowell's June 5, 2013 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on June 13, 2013; [5] Respondents' July 8, 2013 response to the petition; [7] McDowell's "motion in opposition to Respondents' motion to dismiss ... for failure to exhaust" state court remedies, and his supplemental brief [10] filed February 3, 2014. Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that the petition for federal habeas relief should be denied.

## FACTS AND PROCEDURAL HISTORY

Gabriel McDowell was indicted by a Hancock County grand jury on December 7, 1998 for sale/transfer of cocaine. The indictment charged McDowell as both a repeat drug offender subject to double the statutory penalty for his crime pursuant to MISS. CODE ANN. § 41-29-147,[1] and a habitual offender subject to a life sentence without parole under MISS. CODE ANN. § 99-19-83.[2] After a Hancock County Circuit Court jury convicted McDowell of the crime on October 15, 1999, the trial court found McDowell was a habitual offender, declined to impose

---

[1] The statutory prison term for sale of cocaine is thirty years (MISS. CODE ANN. 41-29-139(a)), so McDowell was subject to a sixty-year sentence under this statute.

[2] At the top of the indictment the habitual offender statute is listed as Mississippi Code "Section 99-19-93," a non-existent statute, however in the charging portion of the indictment the code section is properly stated as "Section 99-19-83." [1-1, p. 1] Under this statute, McDowell was subject to a life sentence without parole.

the enhancement provision as a repeat drug offender, and on January 7, 2000 sentenced him to serve thirty years in custody of the Mississippi Department of Corrections (MDOC) as a habitual offender.  [1-1, p. 7]  The Mississippi Supreme Court affirmed the conviction and sentence on October 31, 2001.  *State v. McDowell*, 807 So.2d 413 (Miss. 2001).  McDowell is currently incarcerated in South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi serving thirty years without parole for the conviction.

     Mississippi law requires that one who has had a direct appeal must obtain permission from the Mississippi Supreme Court before filing a motion for post-conviction relief.  MISS. CODE ANN. § 99-39-7.  In May 2002, McDowell applied to the Mississippi Supreme Court for leave to file such a motion.  By order dated October 4, 2002, the Supreme Court ruled on McDowell's application, finding that "any issues going to pre-trial identification and sufficiency of the evidence are barred by Miss. Code Ann. § 99-39-21(3)(Rev. 2000), and without merit;" that McDowell had made no showing of newly discovered evidence; that he had failed to show any deficiency in his trial counsel's representation as required by *Strickland v. Washington*, 466 U.S. 668 (1984); and that "the indictment's typographical error of referencing a non-existent statute was not an error of substance and ... did not render the indictment fatally defective."  [1-1, p. 9]  The Supreme Court panel then found:

> ... the record appears to indicate that the only habitual offender statute referenced by the indictment was Miss. Code Ann. § 99-19-83 (Rev. 2000), which provides a life sentence for two underlying felony convictions, one of which being (*sic*) a crime of violence.  (emphasis in original)

[1-1, p. 10]  Noting that one of the prior convictions charged in the indictment was assault with intent to ravish, but that McDowell "was sentenced to thirty years imprisonment, when from the record it appears that life imprisonment, pursuant to Miss. Code Ann. § 19-99-83 (Rev. 2000), was the only sentencing option open to the trial court" (emphasis in original), the Supreme Court

granted McDowell an evidentiary hearing "for the limited purpose of determining whether [he] had been previously convicted of two felonies, one being a crime of violence, and whether [he] may be properly sentenced as an habitual offender under Miss. Code Ann. § 99-19-83 (Rev. 2000)."  [1-1, pp. 9-10]

On November 22, 2002, the trial court held the evidentiary hearing on McDowell's post-conviction motion, following which the trial court again found McDowell had previously been convicted of the felonies recited in the indictment, that he had served one year or more on each of them, and that one of the prior convictions was a crime of violence, making him eligible for sentencing under § 99-19-83.  The trial court re-sentenced McDowell on December 16, 2002 to the only sentence available under the statute, life imprisonment without parole.  [1-1, p. 3]  McDowell did not timely appeal.  Instead, he filed a petition for writ of mandamus, a motion to show cause, a motion for appointment of counsel, and a motion for rehearing and for leave to appeal in the Mississippi Supreme Court.  In October 2003, he filed a notice of appeal from the judgment re-sentencing him to life without parole, and he subsequently filed another application in the Mississippi Supreme Court for leave to file a second post-conviction motion, raising the same issues he had presented in his first post-conviction motion.  The trial court entered an order January 15, 2004 finding that although his appeal was untimely, McDowell should be allowed an opportunity to appeal the ruling on his post-conviction motion which resulted in his sentence being increased from thirty years without parole to life without parole.  However, by order entered March 17, 2004, the state appellate court denied McDowell's motions filed in that court, including his second post-conviction application and his motion for leave to appeal, and dismissed his untimely appeal for lack of jurisdiction.  *McDowell v. State*, 917 So.2d 801 (Miss. App. 2005) *reh'g denied*, January 3, 2006.

On February 27, 2006, McDowell filed his first petition for federal habeas relief in this Court, Civil Action No. 1:06cv87-LG-JMR.  In that action, on March 14, 2008, U.S. District Judge Louis Guirola granted McDowell relief, holding that even though the November 22, 2002 evidentiary hearing was a post-conviction proceeding, McDowell was entitled to appointment of counsel for the re-sentencing.  This Court remanded the case to the state court for a third sentencing hearing, this time with appointed counsel present to assist McDowell.  *McDowell v. State*, 552 F.Supp.2d 602 (S.D. Miss. 2008).

Upon remand, the state court appointed counsel and conducted the required sentencing hearing in June 2008.  Again, the trial court sentenced McDowell to life without parole.  [1-1, p. 4]  On appeal, the Mississippi Supreme Court vacated its October 2002 order (which granted McDowell the post-conviction hearing which led to his being resentenced to life without parole in the first instance), vacated his life sentence without parole, and remanded the case to the Hancock County Circuit Court with instructions to re-sentence McDowell to thirty years without parole.  *McDowell v. State*, 20 So.3d 1216 (Miss. 2009).  As directed, on February 1, 2010, the Circuit Court sentenced McDowell to serve thirty years without parole.  [1-1, p. 5]  McDowell sought no appeal.

Seven months later, on September 24, 2010, McDowell filed in his closed federal habeas case a "delayed motion for evidentiary hearing," urging that the thirty-year sentence was invalid. *See* Document [28], *McDowell v State of Mississippi, et al.*, Civil Action No. 1:06cv87-LG-JMR.  The Court held the motion moot in that case by text order entered January 31, 2011.  From that ruling, McDowell filed a notice of appeal dated April 4, 2011 and filed April 6, 2011.  The Fifth Circuit Court of Appeals dismissed that appeal (Docket No. 11-60251) as untimely filed. See Document [38] in Civil Action No. 1:06cv87-LG-JMR.

McDowell continued filing motions in both the trial and the state appellate courts. By order dated April 18, 2012, Hancock County Circuit Judge John Gargiulo denied motions filed by McDowell on June 11, 2010 for reconsideration of the habitual offender part of his sentence; on August 16, 2010 for records and transcripts, for hybrid defense, and for writ of habeas corpus and (*sic*) testificandum and reconsideration of the habitual provision of his sentence; and on March 25, 2011 to vacate and set aside the habitual part of the sentence.[3]  [6-1, pp. 3-4, 10-11] McDowell appealed from this order "denying him post-conviction relief."[4]  The appeal was dismissed by the Mississippi Court of Appeals on June 14, 2012 due to his failure to pay appeal costs. His motion to reinstate the appeal was granted December 6, 2012 [6-3], but the appellate court again dismissed the appeal on February 7, 2013 for failure to prosecute. (Case No. 2012-TS-00750)  McDowell moved for rehearing on February 25, 2013, and in a February 28, 2013 order, the Court of Appeals agreed to consider the motion for rehearing if, within thirty days, McDowell produced to the Court of Appeals an order from the Mississippi Supreme Court giving him permission to file a motion for post-conviction relief.  [6-2, pp. 6-7]  McDowell produced no such order and on April 23, 2013, the Court of Appeals denied his motion for rehearing in Case No. 2012-TS-00750.  [5-3, pp. 1-2], [6-2, pp. 1-2], [6-3, p. 5][5]

---

[3]The Mississippi Supreme Court dismissed as moot McDowell's petition for writ of mandamus regarding these state court motions on May 3, 2013.  (Case No. 2012-M-00591). [6-1, p. 1]

[4]McDowell did not obtain permission from the Supreme Court to file these purported post-conviction motions, therefore the motions were not properly filed in the trial court.

[5]In the interim, after appealing in Case No. 2012-TS-00750, and while that appeal was pending, McDowell filed with the Supreme Court another document titled "application for post-conviction relief" on June 11, 2012, in which he "appeals the denial of post-conviction relief from the Circuit Court of Hancock County, Mississippi" by that court's order of April 18, 2012. The Supreme Court gave this document Case No. 2012-M-00923.  McDowell charged that his re-sentencing violated double jeopardy, and his indictment failed to notify him of "every element" of the offense, and stated the trial court had denied him post-conviction relief on April 18, 2012.  [6-2, pp. 41-50] Because the appeal was still pending in Case No. 2012-TS-00750, by order dated August 8, 2012, the Supreme Court dismissed the application as prematurely filed.  [6-2 p. 40]

On May 3, 2013, McDowell filed with the Supreme Court a motion for order corresponding to the Court of Appeals order [6-2, pp. 3-5, 28-30], and another application for leave to proceed with a post-conviction motion in the trial court asserting he was improperly re-sentenced, that he was subjected to double jeopardy and that his indictment was faulty.[6]  [6-2, pp. 9-27]  On May 22, 2013, the Supreme Court denied the motion for order, and denied the post-conviction application as without merit.  [6-2, p. 1-2] (Case No. 2012 M-00923)

In his present federal habeas petition, filed June 13, 2013, McDowell challenges the judgment dated February 1, 2010 sentencing him to serve thirty years without parole for his 1999 conviction.  As grounds McDowell claims, "ineffective assistance of counsel; denial due process; double jeopardy." [1, p. 2]  As supporting facts, he states:

> was sentenced, then resentenced on the same charged offense; denied to be heard on claims due to my poverty; trial lawyer and court failed/and; (*sic*) or refused to allow due-process procedures to be applied to issues relevant to federal law application during state court proceedings; denied my appeal which lawyer never file for ask her too (*sic*) do so.

[1, p. 5]

McDowell challenges the thirty-year habitual offender sentence because his indictment did not include a citation to MISS. CODE ANN. § 99-19-81.[7]  He asserts the indictment referenced only MISS. CODE ANN. § 99-19-93, a non-existent statute.  He is mistaken.  The indictment he presented as an exhibit to his petition clearly states in the charging portion that McDowell "is a habitual criminal who is subject to being sentenced as such pursuant to **Section 99-19-83**, Miss. Code of 1972, as amended..." (emphasis added) [1-1, p. 1]  The indictment expressly charges

---

[6]The motion for order is dated April 2, 2013, but even under the mailbox rule, McDowell did not sign it within the thirty day period allowed by the Court of Appeals.

[7]"Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution ... shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation."

that McDowell had previously been twice convicted of felonies arising out of separate incidents at different times, that one of the prior convictions was for a crime of violence, and that he was sentenced to, and served, separate prison terms of more than one year on each.  The indictment provides the details, *i.e.*, the court, cause number, date of conviction, and sentence, of the two prior felony convictions.  [1-1, pp. 1-2]

Respondent urges dismissal of the present petition on grounds that McDowell has failed to exhaust state court remedies as to the claims presented.

## LAW AND ANALYSIS

McDowell was required to "exhaust all claims in state court prior to requesting federal collateral relief."  28 U.S.C. § 2254(b)(1)(A); *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)).  To satisfy the exhaustion requirement, he was required to fairly present the claim to the highest state court.  *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)(citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Dismissal of the petition is proper where the petitioner has not exhausted his claims in state court.  *See Smith*, 515 F.3d at 400 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

The judgment McDowell challenges in the instant habeas petition is identified as being entered February 1, 2010, when at the direction of the Mississippi Supreme Court, Judge Gargiulo re-sentenced him to thirty years without parole, the exact sentence he initially received on January 7, 2000.  McDowell claims he is sentenced under the wrong statute, because his indictment did not include a citation to MISS. CODE ANN. § 99-19-81,[8] which requires imposition of the maximum statutory penalty without parole.  This is the basis for his claims of ineffective

---

[8] Mississippi law does not require that the statute be recited in the indictment, and throughout the years that McDowell's case has traveled through various courts, no court has ever held his indictment deficient, nor has any court ever ruled that there was any failure of proof that he is a habitual offender.

assistance of counsel, denial of due process and double jeopardy – that the trial court had no authority to sentence him to thirty years without parole.  Respondent asserts McDowell has not exhausted this claim and that the matter is therefore not properly before this Court for federal habeas review.  Respondent's position finds support in McDowell's own pleadings, wherein he states: "Petitioner never contested the allegations that he was a habitual offender," [8, p. 12]; "... all my state remedies have been exhausted *with the exception of the issue of illegal sentence*." (emphasis added)  [7, p. 4]  Indeed, the relief McDowell requests in the instant petition is;

> That appeal be granted and order (*sic*) heard at Miss. S. Ct. level before federal adjudication, in the alternative, order evidentiary proceedings in this cause, that petitioner be allowed to prove his claims.

[1, p. 15]

Thirty years without parole was the sentence imposed following McDowell's 1999 conviction, despite the fact that pursuant to his indictment he was subject to sixty years as a repeat drug offender, even without considering the habitual offender allegations which made him eligible for life without parole.[9]  Neither his attorney nor McDowell raised any issue as to the legality of that sentence in his direct appeal,[10] nor did he raise any such issue in his 2002 post-conviction application, or in any properly filed post-conviction motion.  McDowell has been aware from the time of his indictment in December 1998 that he was charged as a habitual offender, and he "never contested the allegations that he was a habitual offender."  The record

---

[9]Mississippi law permits multiple enhancements to a sentence, and permits use of the same prior conviction to support multiple enhancements.  *Stewart v. State*, 67 So.3d 829, 832-33 (Miss. App. 2011).  The original finding that McDowell is a habitual offender, which was not challenged and has never been overturned, rested upon his prior convictions for assault with intent to ravish and transfer of a controlled substance, hence the minimum sentence he should have received was 60 years.  Since he claims the 85% rule applies to his case, a 60-year parolable sentence would require that he serve 51 years instead of the 30 he is presently serving.

[10]The Supreme Court allowed McDowell to file a supplement pro se brief to add four more assignments of error to the seven assignments presented by counsel. None complained of his sentence.

before this Court fails to show McDowell exhausted his state court remedies with respect to his present claims; there remain no state court remedies available to him; and his procedural default bars this Court from reviewing them. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998).

## RECOMMENDATION

Having carefully considered the Petition, pleadings on file, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254 be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen (14) days to serve and file with the Clerk written objections to the Report and Recommendation. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. One who fails to timely file written objections to the proposed findings, conclusions, and recommendations is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 21st day of February, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE