# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

GABRIEL McDOWELL, #37862                                    PETITIONER


VERSUS                                    CIVIL ACTION NO. 1:13cv256-HSO-RHW


RONALD KING, SUPERINTENDENT                                    RESPONDENT

---

## MEMORANDUM OPINION AND ORDER OVERRULING IN PART AND SUSTAINING IN PART PETITIONER'S OBJECTIONS, ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATIONS, AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Gabriel McDowell's Objections [14] to the Report and Recommendations [12] of United States Magistrate Judge Robert H. Walker; Petition for Retroactivity Analysis [18-1]; and Motion for an Evidentiary Hearing to Expedite Procedures [19]. After thoroughly reviewing the Report and Recommendations, the record, the position of Petitioner advanced in his Objections, and relevant law, the Court finds that Petitioner's Objections [14] should be overruled in part and sustained in part, and that the Magistrate Judge's Report and Recommendations [12] should be adopted in part as the finding of the Court and modified in part, subject to the additional findings made herein. Petitioner Gabriel McDowell's 28 U.S.C. § 2254 Petition [1] for Writ of Habeas Corpus should be denied and this case dismissed with prejudice. Petitioner Gabriel McDowell's Petition for Retroactivity Analysis [18-1] and Motion for an Evidentiary Hearing to Expedite Procedures [19] are not well taken and should be denied.

# I. BACKGROUND

A.    Underline State Court Proceedings

On December 7, 1998, a grand jury sitting in the Circuit Court of Hancock County, Mississippi, returned an Indictment against Petitioner Gabriel McDowell ["Petitioner"], charging that Petitioner did sell or transfer a controlled substance in violation of Mississippi Code § 41-29-139(a)(1).  R. [1-1] at 1.  The Indictment also charged that Petitioner was a repeat drug offender subject to the enhanced, double-statutory penalty of Mississippi Code § 41-29-147, and a habitual offender subject to a life sentence without the possibility of parole pursuant to Mississippi Code § 99-19-83.  *Id.* at 1-2.  Petitioner was subsequently convicted of the sale and transfer charge.  The Circuit Court determined that Petitioner was a habitual offender, but declined to impose the life sentence.  *See* R. [1-1] at 7-8.  On or about January 7, 2000, the Circuit Court sentenced Petitioner to the custody of the Department of Corrections of the State of Mississippi for a term of 30 years, without the benefit of parole, pursuant to Mississippi Code § 99-19-81.  *Id.*; R. [17-1] at 1-2.[1]  The

---

[1]Mississippi Code § 99-19-81, which was not referenced in the Indictment, provides that

> [e]very person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, *shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.*

Miss. Code § 99-19-81 (emphasis added).  At the time of Petitioner's conviction, the maximum term of imprisonment for a conviction for selling or transferring a controlled

Mississippi Supreme Court affirmed Petitioner's conviction and sentence.

*McDowell v. State*, 807 So. 2d 413, 426 (Miss. 2001).

As the Magistrate Judge's Report and Recommendation [12] reflects, Petitioner's case experienced a complicated and lengthy procedural history in both state and federal court. Of note for purposes of this Order, after Petitioner was sentenced on January 7, 2000, in 2002 Petitioner filed an Application for Leave to Proceed in the Trial Court seeking post-conviction relief. On October 4, 2002, the three-judge panel of the Mississippi Supreme Court considering the Application found "that the record appears to indicate that the only habitual offender statute referenced by the indictment was Miss. Code Ann. § 99-19-83 (Rev. 2000), which provides a life sentence for two underlying felony convictions, one of which being a crime of violence." R. [1-1] at 9. The Supreme Court therefore granted Petitioner's Application and granted him "an evidentiary hearing for the limited purpose of determining whether the petitioner had been previously convicted of two felonies,

---

substance in violation of Mississippi Code § 41-29-139 was 30 years. Mississippi Code § 99-19-83, which was charged in the Indictment, provides:

> [e]very person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

Miss. Code § 99-19-83.

one being a crime of violence, and whether the petitioner may be properly sentenced as a habitual offender under Miss. Code Ann. § 99-19-83 (Rev. 2000)." *Id.* The Circuit Court conducted an evidentiary hearing, and on December 13, 2002, entered an Order adjudging Petitioner a habitual offender under Mississippi Code § 99-19-83 and sentencing him to a term of life imprisonment without the benefit of parole, good time, or early release. *Id.* at 3.

On February 13, 2006, Petitioner filed in this Court his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging among other things that he was denied assistance of counsel during the December 13, 2002, resentencing. *McDowell v. State*, No. 1:06-cv-87-LG-JMR (S.D. Miss. Feb. 13, 2006). This Court granted habeas relief and remanded the case to state court for resentencing with appointed counsel present to assist Petitioner. *McDowell v. State*, 552 F. Supp. 2d 602, 605 (S.D. Miss. 2008).

On or about June 18, 2008, the Circuit Court conducted an evidentiary hearing for resentencing, at which Petitioner was represented by counsel. R. [1-1] at 4. Petitioner argued that "his prior sentence to life without parole should be set aside due to double jeopardy." *Id.* (citing *Ethridge v. State*, 800 So. 2d 1221 (Miss. Ct. App. 2001)). In a Corrected Resentencing Order entered on July 9, 2008, the Circuit Court held *Ethridge* distinguishable and found Petitioner's "assertion of double jeopardy . . . without merit." *Id.* The Circuit Court determined that Petitioner's "sentence of life without parole should not be set aside" and sentenced Petitioner "for the crime of transfer of a controlled substance to life imprisonment

-4-

as a habitual offender without the possibility of parole or probation pursuant to Miss. Code Ann. § 99-19-83." *Id.* Petitioner appealed.

On November 9, 2009, the Mississippi Supreme Court sitting en banc vacated its earlier panel's Order and remanded the case to the Circuit Court for the imposition of a 30-year sentence without parole. *McDowell v. State*, 20 So. 3d 1216, 1216 (Miss. 2009). The Supreme Court reasoned that the Circuit Court's imposition of a life-without-parole sentence was due in large part to its reliance upon the panel's earlier opinion, but that upon consideration, the panel's order should be vacated. *Id.* In a Resentencing Order entered on February 3, 2010, the Circuit Court sentenced Petitioner to the same sentence he had originally received, 30 years in the custody of the Mississippi Department of Corrections, and directed that the sentence shall not be reduced or suspended and that Petitioner shall not be eligible for parole or probation. R. [1-1] at 13.

On or about March 23, 2011, Petitioner filed in the Circuit Court a Motion to Vacate and Set Aside Habitual Portion of Sentence. R. [6-1] at 18-19. The Circuit Court denied Petitioner's Motion, along with several other motions, in an Order dated April 18, 2012. *Id.* at 4. Petitioner appealed. The Mississippi Court of Appeals dismissed the appeal on February 7, 2013, for failure to prosecute. *See* R. [6-3] at 18.[2]

---

[2]Petitioner also filed an Application for Post-Conviction Relief in the Mississippi Supreme Court on or about June 7, 2012, R. [6-2] at 41-50, contending that he had been resentenced in violation of his right against double jeopardy and that the Indictment was defective because it failed to notify him of every element of the offense accused. *Id.* at 43. The Mississippi Supreme Court dismissed the Application on August 9, 2012, as

Petitioner requested rehearing before the Court of Appeals on February 25, 2013. The Court of Appeals responded with an Order on March 1, 2013, directing Petitioner to provide within 30 days an Order from the Mississippi Supreme Court granting Petitioner permission to file a motion for post conviction collateral relief pursuant to Mississippi Code § 99-39-7. *Id.* at 6-7. When Petitioner could not do so, the Mississippi Court of Appeals denied the Petition for rehearing on April 23, 2013. *Id.* at 5.

On April 4, 2013, Petitioner filed in the Mississippi Supreme Court a "Motion for Order," and on May 3, 2013, an Application for Leave to Proceed in Trial Court. R. [6-2] at 9-30. In his Motion for Order, Petitioner argued that he had received an illegal sentence, had been exposed to double jeopardy, and had suffered ineffective assistance of counsel. *Id.* at 28. In the Application, Petitioner asserted that: (1) he was illegally sentenced as a habitual offender pursuant to Mississippi Code § 99-19-81, in violation of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution because no Indictment had been returned as to that statute; (2) the trial court lacked jurisdiction to impose this sentence; (3) he was subjected to double jeopardy when he was resentenced as a habitual offender under Mississippi Code § 99-19-83 and then resentenced as a habitual offender pursuant to section 99-19-81, in violation of his rights under the Fifth Amendment and Article 3, Section 22 of the Mississippi Constitution; (4) the Indictment was defective because it charged him with violation of a non-existent

"prematurely filed." *Id.* at 40.

habitual offender statute, section 99-19-93; and (5) his trial counsel was ineffective by "not objecting to the fatally defective indictment." *Id.* at 16-27.

The Mississippi Supreme Court considered Petitioner's allegations that "he was improperly sentenced, that he was subjected to double jeopardy and that his indictment was faulty." *Id.* at 2. However, "after due consideration, [the Mississippi Supreme Court found] that McDowell's application lack[ed] sufficient merit to warrant an evidentiary hearing and should be denied." *Id.* The Mississippi Supreme Court denied Petitioner's Motion for Order and Application for Leave to Proceed in Trial Court on May 22, 2013. *Id.*

B.     Section 2254 Petition

On June 13, 2013, Petitioner filed the present 28 U.S.C. § 2254 Petition [1] for Writ of Habeas Corpus in this Court. The Petition advances the following grounds for habeas relief: ineffective assistance of counsel; denial of due process; and double jeopardy. Petition [1] at 5. Petitioner requests that "appeal be granted, and order [sic] heard at Miss. S. Ct. level before federal adjudica[tion;] in the alternative, order evidentiary proceedings in this cause, that Petitioner be allowed to prove his claims." *Id.* at 15.

Respondent Ronald King ["Respondent"] filed an Answer to the Petition on July 8, 2013. Answer [5] at 1. According to Respondent, Petitioner's claims were never presented to the state's highest court in a procedurally proper manner and are now "technically exhausted" and thus procedurally defaulted. *Id.* at 5-7. As such, Respondent contends that this Court is barred from reviewing Petitioner's

claims and that the Petition should be dismissed with prejudice.  *Id.* at 6-7.

C.    Magistrate Judge's Proposed Findings of Fact and Recommendation

On February 21, 2014, the Magistrate Judge entered his Report and Recommendations [12].  The Magistrate Judge found all of Petitioner's claims relied on the argument "that the trial court had no authority to sentence him to thirty years without parole" and that Petitioner had failed to raise any issue as to legality of that sentence in his direct appeal or any properly filed post-conviction motion. Report and Recommendations [12] at 7-8.  The Magistrate Judge determined that the record "fails to show McDowell exhausted his state court remedies with respect to his present claims; there remain no state court remedies available to him; and his procedural default bars this Court from reviewing them."  Proposed Findings of Fact and Recommendation [16] at 7-8 (citing *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995)).  The Magistrate Judge recommended that Petitioner's request for habeas corpus relief be denied.  *Id.* at 9.

D.    Petitioner's Objections

Petitioner submitted Objections to the Report and Recommendations [14], asserting that the Magistrate Judge misinterpreted his claims.  Objs. [16] at 3. Petitioner maintains that "[t]his cause has never been about any challenge to being a habitual offender, Petitioner at no time during the litigation of this cause said that he was not a habitual offender; nevertheless, under the strict guidelines of [*Cox v. State*, 586 So. 2d 761 (Miss. 1991)], the state failed to submit adequate, legal

proof that Petitioner was a habitual offender . . . ." *Id.* at 6. Petitioner contends that his resentencing based upon habitual-offender status deprived him of equal protection of the law under the Fourteenth Amendment to the United States Constitution and under Article 3, Section 22 of the Mississippi Constitution, that it violated "the law of the case doctrine," and that it violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. *Id.* at 3-5. Petitioner maintains that he fully exhausted his double jeopardy claim by presenting it to the Mississippi Supreme Court. *Id.* at 7.

## II. <u>DISCUSSION</u>

A. <u>Petitioner's Motion for an Evidentiary Hearing to Expedite Procedures [19]</u>

Petitioner asks the Court for an evidentiary hearing. Having thoroughly reviewed the pleadings and the record in this case, an evidentiary hearing is not warranted. To the extent that Petitioner properly exhausted any claim, the Court can and will consider that claim based upon the record before the state court. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 (2011). Petitioner's Motion for an Evidentiary Hearing to Expedite Procedures [19] will be denied.

B. <u>Petitioner's Objections to the Report and Recommendations</u>

1. <u>Standard of Review</u>

Because Petitioner has filed written Objections [14] to the Magistrate Judge's Report and Recommendations [12], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Rule 8(b) of Rules Governing

Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

2. <u>Exhaustion Requirement</u>

Because Petitioner filed his federal habeas application after 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). "Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citation omitted). "The exhaustion requirement is satisfied when the substance of the federal claim has been fairly presented to the highest state court." *Id.* (citation omitted). "Such presentment can take place via direct appeal or state habeas proceedings." *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005) (citation omitted). The claim must have been presented to the state's highest court "in a procedurally proper manner according to the rules of the state courts." *Mercadel*, 179 F.3d at 275 (quotation omitted).

The Magistrate Judge determined that "[t]he record before this Court fails to show McDowell exhausted his state court remedies with respect to his present claims; there remain no state court remedies available to him; and his procedural

default bars this Court from reviewing them." Report and Recommendations [12] at 8-9 (citing *Magouirk*, 144 F.3d at 360; *Sones*, 61 F.3d at 416). Petitioner contends that he did raise his double jeopardy argument before the Mississippi Supreme Court. Objs. [14] at 7-8.

Based upon a thorough review of the record in this case, it appears that Petitioner did present his claims to the Mississippi Supreme Court, which considered Petitioner's allegations on their merits when Petitioner sought post-conviction relief in 2013, but denied Petitioner's request to proceed in the trial court. R. [6-2] at 2; *see also id.* at 9-30 (Petitioner's Motion for Order and Application for Leave to Proceed in Trial Court filed in the Mississippi Supreme Court). To the extent that Petitioner raised his claims before the Mississippi Supreme Court, the Court will consider those habeas claims on their merits.

3.    <u>Standard for Habeas Corpus Relief</u>

"[A] 28 U.S.C. § 2254 applicant must claim violation of a federal constitutional right." *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). Federal habeas corpus relief will not issue to correct errors of state law; "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In the course of reviewing state proceedings, a federal court "do[es] not sit as a super state supreme court to review error under state law." *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988) (quotation omitted).

Section 2254(d) provides that an application for a writ of habeas corpus

shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim-

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner does not argue that the state-court decision in this case was based on an unreasonable determination of the facts. Petitioner's claims seem to implicate § 2254(d)(1).

"A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010). "And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quotation omitted). "To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (quotation omitted).

The United States Supreme Court has held that "AEDPA's standard is intentionally difficult to meet." *Id.* (quotation omitted). "Adherence to these principles serves important interests of federalism and comity" and "reflect a

presumption that state courts know and follow the law." *Id.* (quotation omitted).

Federal courts must "afford state courts due respect by overturning their decisions

only when there could be no reasonable dispute that they were wrong." *Id.*

### 4. Petitioner's Double Jeopardy Claim

The Double Jeopardy Clause provides that no person shall "be subject for the

same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.

"The Clause 'guarantees that the State shall not be permitted to make repeated

attempts to convict the accused, thereby subjecting him to embarrassment, expense

and ordeal and compelling him to live in a continuing state of anxiety and

insecurity, as well as enhancing the possibility that even though innocent he may

be found guilty.'" *Blueford v. Arkansas*, 132 S. Ct. 2044, 2050 (2012) (quoting

*United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977)). "A double

jeopardy claim is a question of law." *Shute v. State of Tex.*, 117 F.3d 233, 238 (5th

Cir. 1997).

The Fifth Circuit "has held that the double jeopardy clause applies to

enhancement proceedings" and "has also held that the implicit acquittal theory bars

a second enhancement proceeding in the sentencing phase of a trial where there has

been a finding on insufficient *habitual offender status.*" *Millard v. Lynaugh*, 810

F.2d 1403, 1409 (5th Cir. 1987) (emphasis in original) (quotation omitted). The

Fifth Circuit has explained that "the double jeopardy clause precludes any future

use for enhancement of a prior conviction insufficiently proven at the first

sentencing proceeding." *Id.* "[O]nce the state has failed to prove that the defendant

is an [sic] habitual offender with respect to a predicate offense, . . . it may not seek to sentence him has an [sic] habitual offender for the underlying crime." *Id.* (quotation omitted). However, "[t]he use of a remaining valid conviction to resentence a defendant as a repeat offender after the invalidation of his conviction as an [sic] habitual offender does not offend double jeopardy." *Smith v. Collins*, 964 F.2d 483, 487 (5th Cir. 1992).

These principles are consistent with the decisions of the Mississippi Supreme Court cited by Petitioner in his Objections. Objs. [14] at 14 (citing *Grayer v. State*, 120 So. 3d 964 (Miss. 2013); *Cox v. State*, 586 So. 2d 761 (Miss. 1991); *Young v. State*, 507 So. 2d 48 (Miss. 1987)).[3] In each of the cases cited by Petitioner, the Mississippi Supreme Court held that the State failed to prove the defendant's habitual offender status with competent evidence. *Grayer*, 120 So. 3d at 969; *Cox*, 586 So. 2d at 767; *Young*, 507 So. 2d at 50. Because the State was not entitled to a second chance to prove a defendant's habitual offender status on remand due to double jeopardy, the Mississippi Supreme Court remanded those cases for resentencing of the defendants as nonhabitual offenders. *Grayer*, 120 So. 3d at 969-70; *Cox*, 586 So. 2d at 768-69; *Young*, 507 So. 2d at 50.

The present case is distinguishable. No state court ever found the State's evidence of Petitioner's habitual offender status infirm. Nor has Petitioner

---

[3]The state law precedent cited by Petitioner appears to rely upon the double jeopardy clause contained in the Mississippi Constitution, rather than the United States Constitution. *See, e.g., Grayer*, 120 So. 3d at 970 (citing Miss. Const. art. 3, § 22 (1890)); *Cox*, 586 So. 2d at 768 (citing Miss. Const. art. 3, § 22).

presented evidence that the state court's determination of his habitual offender status was incorrect. According to its original Sentencing Order, the state court heard the testimony of witnesses and reviewed certified copies of Petitioner's prior convictions in making the determination that Petitioner qualified as a habitual offender under Mississippi Code § 99-19-81. R. [17-1] at 1. The issue presented when Petitioner's original sentence was set aside was under which habitual offender statute Plaintiff should be sentenced. Petitioner was originally sentenced under the statute carrying the less severe of the punishments provided for by Mississippi's habitual offender statutes, Mississippi Code § 99-19-81. At the final resentencing hearing, Petitioner was ultimately resentenced to the same, less severe punishment as he received at his first sentencing, carrying a sentence of 30 years without the possibility of parole, as opposed to life without the possibility of parole.

This is not a case in which the State attempted to perfect its evidence through successive attempts at proving Petitioner's habitual offender status or where the State failed to prove that Petitioner was a habitual offender with respect to a predicate offense. *See Millard*, 810 F.2d at 1409. Nor does Petitioner dispute that he was in fact a habitual offender. *See* Objs. [14] at 6. In sum, Petitioner has not shown that his application for a writ of habeas corpus should be granted based upon his double jeopardy claim. *See* 28 U.S.C. § 2254(d); *Smith*, 964 F.2d at 487; *Millard*, 810 F.2d at 1409.

5.    Petitioner's Due Process Claim

Petitioner argues that he was illegally sentenced as a habitual offender under Mississippi Code § 99-19-81, in violation of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, because no Indictment had been returned which referenced that statute.  For the reasons that follow, the Court cannot grant habeas relief with respect to this claim.

In the Fifth Circuit, "the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985) (quotation omitted).  "[A] claim of insufficiency of a state indictment is valid for federal habeas purposes only when the indictment is so defective that under no circumstances could a valid state conviction result from facts provable thereunder, and that this can be determined only by looking to the law of the state where the indictment was issued . . . ." *Id.* (citation and quotation omitted).  However, "a federal habeas court will not consider such claims when it appears that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Id.* (quotation omitted).  In *Alexander*, the Fifth Circuit held that, by refusing to grand a petitioner relief on the merits, a state appellate court "has necessarily, though not expressly, held that the [state] courts have jurisdiction and that the indictment is sufficient for that purpose." *Id.*  Habeas review was therefore precluded.  *Id.*

Petitioner presented his claim regarding the sufficiency of the Indictment to the Mississippi Supreme Court in his Application for post-conviction relief, and the Court found the claim had no merit. Petitioner specifically argued before the Mississippi Supreme Court that the Circuit Court illegally imposed a sentence under Mississippi Code § 99-19-81 because no indictment had been returned as to that statute. R. [6-2] at 18-19. This is the same argument Petitioner has raised in this Court. By ruling on Petitioner's Application on its merits, the Mississippi Supreme Court necessarily, though not expressly, held that Mississippi courts had jurisdiction and that the Indictment was sufficient. *See Alexander*, 775 F.2d at 598. As such, binding Fifth Circuit precedent precludes this Court from reviewing this claim. *See id.*; *see also, e.g., Evans v. Cain*, 577 F.3d 620, 624-25 (5th Cir. 2009); *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).

6.    Petitioner's Ineffective Assistance of Counsel Claim

Petitioner maintains that his trial counsel was ineffective by not objecting to the supposedly fatally defective Indictment. To establish ineffective assistance of counsel, Petitioner bears the burden of proving both deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Counsel's performance is deficient only if he makes errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded the presumption of competency, he was not functioning as "counsel" guaranteed by the Sixth Amendment. *Id.* at 687-89. Under *Strickland*, "counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in

the exercise of reasonable professional judgment." *Id.* at 690.

Prejudice under *Strickland* exists only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the "state sentencing context," prejudice turns on whether "absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been significantly less harsh." *Charles v. Thaler*, 629 F.3d 494, 499 (5th Cir. 2011) (quotations omitted). Mere speculation and conjecture cannot establish the prejudice prong, and conclusory allegations are not sufficient to obtain habeas relief. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

The record before the Court reflects that Petitioner's trial counsel did not object to the Indictment or Petitioner's sentence when the Circuit Court sentenced Petitioner. The State did question under which habitual offender statute Petitioner was being sentenced. R. [1-1] at 7-8. After the Circuit Court announced its sentence of 30 years without the benefit of parole, the State asked the Court instead to sentence Petitioner to life without the benefit of parole pursuant to Mississippi Code § 99-19-83, as charged in the Indictment. *Id.* The Circuit Court declined and sentenced Petitioner to a 30 year term of incarceration without the benefit of parole, rather than the more severe life term Petitioner faced. *Id.* at 8.

In this case, Petitioner has not shown his counsel's performance was deficient or that he was prejudiced by his attorney's failure to challenge the Indictment at

sentencing. *See Strickland,* 466 U.S. at 694. The Fifth Circuit has held that "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Moreover, Petitioner has not shown a reasonable probability that, but for counsel's failure to object, he would have received a significantly less harsh sentence. *See Strickland,* 466 U.S. at 694; *Charles*, 629 F.3d at 499. The State proved Petitioner was a habitual offender, and the Circuit Court could have imposed a life sentence without the benefit of parole; instead, Petitioner received a 30 year sentence without the benefit of parole. Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim. *See id.*; *see also Charles*, 629 F.3d at 500.

C.   Petitioner's Petition for Retroactivity Analysis [18-1]

Petitioner contends that Mississippi Code § 41-29-139, which set forth the 30-year maximum term of imprisonment to which he was sentenced under the habitual offender statute, was amended on July 1, 2014. Petition [18-1] at 1. Petitioner asks the Court to "address the retroactivity vel non and redirect this case for resentencing" pursuant to this statute. *Id.* at 2. The current version of Mississippi Code § 41-29-139(b)(1) allows for varying sentences of imprisonment based upon the quantity of the controlled substance involved. According to Petitioner, he was convicted of selling 0.02 grams of controlled substance. Petition [18-1] at 1. For less than two (2) grams, the maximum term of imprisonment is eight (8) years. Miss. Code § 41-29-139(b)(1) (2014).

There is no indication in the record that Petitioner has fairly presented this

claim in state court.  As such, this claim is not properly before this Court under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2254(b)(1).  Petitioner's Petition for Retroactivity Analysis [18-1] is not well taken and will therefore be denied.[4]

## III.  <u>CONCLUSION</u>

Having conducted a de novo review of the record, the Court agrees with the final conclusion reached by the Magistrate Judge that the Petition should be denied and this case dismissed with prejudice.  The Court will therefore adopt in part and modify in part the Magistrate Judge's Report and Recommendations, as more fully discussed herein.  Petitioner's Objections should be overruled in part and sustained in part.  To the extent that Petitioner did not object to any portion of the Magistrate Judge's Report and Recommendations, the Court finds that the Magistrate Judge's findings are not clearly erroneous or contrary to law, and they will be adopted as the finding of this Court.  Petitioner's Petition [1] for Writ of Habeas Corpus should be denied, and this case should be dismissed with prejudice.  Petitioner's Petition

---

[4]Moreover, Mississippi Code § 99-19-1 provides that

> [n]o statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime committed prior to its enactment, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes.

Miss. Code § 99-19-1.  The amendment to section 41-29-139(b)(1) does not appear to require resentencing.  *See* Miss. Code §§ 41-29-139(b)(1) & 99-19-1; *see also McBride v. State*, 914 So. 2d 260, 264 (Miss. Ct. App. 2005).

for Retroactivity Analysis [18-1] and Motion for an Evidentiary Hearing to Expedite Procedures [19] should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner Gabriel McDowell's Objections [14] to the Report and Recommendations [12] of United States Magistrate Judge Robert H. Walker, are **OVERRULED IN PART and SUSTAINED IN PART**, as stated herein**.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendations [12] is **ADOPTED IN PART and MODIFIED IN PART**, based upon the additional findings made herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [1] filed by Petitioner Gabriel McDowell is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Petitioner Gabriel McDowell's Petition for Retroactivity Analysis [18-1] and Motion for an Evidentiary Hearing to Expedite Procedures [19] are both **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 15th day of April, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE